CAVANAUGH, Judge
(dissenting).
Relator has filed an application in this case for a rehearing, in which he seriously contends that this Court erred in reversing the Trial Court, and dismissing his suit, even under our holding that the contract existed as contended by the defendant, and was binding on him after considering the letter and other evidence admitted on the trial of the case to modify the compromise agreement over his objection. The point was not urged in the Lower Court but which is clearly reflected by the record in the case is whether or not a school board, as a quasi judicial body, hearing charges against a teacher, has a right, after evidence has been adduced and heard on the charges, to enter into a compromise agreement with the teacher, wherein the teacher resigns his position in the public school system as a teacher in one particular school to accept employment elsewhere in the parish in that system and simultaneously enter into a contract with that teacher for a period of three years in a subordinate position from that which he formerly held, at the same salary he was receiving as a principal, and further conditioned that at the end of the three year period, he will be further demoted to a permanent status as a classroom teacher. That is exactly happened in this case.
LSA-R.S. 17:442 provides that:
“Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor.
“Any teacher found unsatisfactory by the parish or city school board, as the case may be, at the expiration of the said probationary term, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification, such probationary teacher shall automatically become a regular and permanent teacher in the employ of the school board of the parish or city, as the case may be, in which he has successfully served his three year probationary term; all teachers in the employ of any parish or city school board as of July 31, 1946 who hold proper certificates and who have served satisfactorily as teachers in that parish or city for more than three consecutive years, are declared to be regular and permanent teachers in the employ of the school board of that parish or city.”
Section 443 provides that a teacher shall not be removed from office except on written and signed charges of wilful neglect of duty, or of incompetency, or dishonesty, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher.
This section further provides that if a permanent teacher is found guilty by the school board after due and legal hearing as provided in this section, on charges of wilful neglect of duty, or of incompetency, of dishonesty, and ordered removed from office, or disciplined by the board, the teacher may, not more than one year from the date of said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board. If the finding of the school board is reversed by the court the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for loss of time or salary that she or he may have sustained by reason of the action of said school board.
LSA-R.S. 17:444 provides that nothing contained in the Revised Statutes of Louisiana shall be construed as conferring upon any parish or city school board the author *703 ity to make rules and regulations which may impair or nullify the provisions of this sub-part.
The record in this case shows that after more than two thousand pages of evidence was adduced and heard on the hearing of whether to sustain the charges brought against the relator, the matter terminated in a compromise agreement. Whether the compromise was initiated by relator or the school hoard is not reflected in the record. At its termination the compromise agreement between the hoard and relator was executed, providing that he would be given a salary of $5,000 per year for each of the school years of 1950-51, 1951-52, and 1952— 53, and under the condition that after that period of time he would return to the classification of a class room teacher and receive the regular salary for that work.
The law regulating the employment of teachers in the public school system of this state is governed exclusively by statute, and the above quoted provisions are read into every contract between a school board and the teacher and neither have the right to disregard the provisions of the law, and make a compromise agreement acceptable to them under terms and conditions different from that which is provided in the statute. The attempt of the school board and the relator to enter into a contract by compromise following the dismissal of the charges and his resignation, was clearly a rule or regulation, or a device, inhibited by LSA-R.S. 17:444 because it attempts to reduce relator’s salary by agreement at the end of three years. Under the statute, after a teacher has served his probationary period of three years he or she is then a permanent teacher and have tenure as to employment and salary. The very purpose of the Act was to give stability to the employment of teachers and security in their salary and any contract which in effect provides for a waiver or a reduction of salary, at some future time after a teacher has acquired tenure status is not to be sanctioned by the Court, as warranted under the law.
It is my opinion that when charges are made against a teacher who has tenured under the statute, they should be heard and the board’s findings recorded in its minutes. Both parties here stand on the compromise, their only difference is the stipulation reflected by the letter and an excerpt from the evidence of the board on the hearing, not contained in the contract. The entire record had on the hearing would show whether the action of the board was justified.
If we approve the practice inaugurated by the school board in this case, then every teacher against whom charges have been preferred by patrons of a school could be hailed before a board, a trial entered into but compromised before concluded to accomplish a result desired, but not warranted under the law. This was the very purpose of Section 444 to prevent the school board from resorting to such procedure as was had in this case. The above section of the law was first enacted in this State in Section 48 of Act No. 100 of 1922 and subsequently amended by Section 2 of Act No. 58 of 1936, Section 1 of Act No. 250, of 1944, and Section 2 of Act No. 297 of 1946.